FILED: January 3, 2024

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1191

O.W., a minor, by his next friend and parent Santrayia Bass,

        Plaintiff – Appellant,

v.

MARIE L. CARR, police officer in her individual and official capcities; REID BAKER, assistant principal in his individual and official capacities; SCHOOL BOARD OF THE CITY OF VIRGINIA BEACH, VIRGINIA, a body corporate; CITY OF VIRGINIA BEACH, a body politic and corporate; AARON C. SPENCE, Superintendent in his individual and official capacities; DAN EDWARDS, school board members in their individual and official capacities; CAROLYN T. RYE, school board members in their individual and official capacities; KIMBERLY A. MELNYK, school board members in their individual and official capacities; BEVERLY M. ANDERSON, school board members in their individual and official capacities; SHARON R. FELTON, school board members in their individual and official capacities; DOTTIE HOLTZ; LAURA K. HUGHES, school board members in their individual and official capacities; VICTORIA MANNING, school board members in their individual and official capacities; TRENACE B. RIGGS, school board members in their individual and official capacities; JOEL MCDONALD, school board members in their individual and official capacities; PATTI T. JENKINS, Principal in her individual and officical capacities; CAROLYN D. WEEMS, school board members in their individual and official capacities,

        Defendants – Appellees.

------------------------------

JUVENILE LAW CENTER; RISE FOR YOUTH; ELECTRONIC PRIVACY INFORMATION CENTER; NATIONAL POLICE ACCOUNTABILITY PROJECT,

    Amici Supporting Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Elizabeth W. Hanes, District Judge. (2:21-cv-00448-EWH-LRL)

Submitted: January 3, 2024          Decided: January 3, 2024

Before GREGORY, THACKER, and RICHARDSON, Circuit Judges.

Dismissed without prejudice by unpublished order.

**ON BRIEF:** Makiba Gaines, POLARIS LAW FIRM, P.L.L.C., Virginia Beach, Virginia, for Appellant. Mark D. Stiles, Christopher S. Boynton, Gerald L. Harris, Joseph M. Kurt, OFFICE OF THE CITY ATTORNEY, Virginia Beach, Virginia, for Appellees City of Virginia Beach and Marie Carr. Anne C. Lahren, Richard H. Matthews, Andrew C. Harding, PENDER & COWARD, P.C., for Appellees School Board of the City of Virginia Beach, Virginia; Reid Baker; Aaron C. Spence; Dan Edwards; Carolyn T. Rye; Kimberly A. Melnyk; Beverly M. Anderson; Sharon R. Felton; Dorothy Holtz; Laura K. Hughes; Victoria Manning; Trenace B. Riggs; Carolyn D. Weems; Joel McDonald; and Patti T. Jenkins.

ORDER

PER CURIAM:

  This case arises from O.W.'s lawsuit against various Virginia Beach, Virginia city and public-school officials under 42 U.S.C. § 1983. In brief, O.W. asserts that the defendants violated his federal constitutional rights, as well as various provisions of state

law. On February 14, 2023, the district court granted the defendants' motions for summary judgment on all claims. Now O.W. seeks our review of that decision. But we must dismiss O.W.'s appeal because we lack jurisdiction.

In the order from which O.W. appeals, the district court did not only grant the defendants' motions for summary judgment. It also ruled on several other of the parties' pending motions. In relevant part, it denied O.W.'s motion for leave to file a Third Amended Complaint. Yet it denied that motion "without prejudice." J.A. 1231. And in conjunction, it "order[ed] O.W.—if he desires to continue the prosecution of his case in this forum—to seek leave to file a Third Amended Complaint within thirty (30) days from today's date." *Id*. In the district court's separate order that accompanied its memorandum opinion, it restated that it denied the motion for leave to amend without prejudice, and "DIRECTED" O.W. "to file a renewed motion for leave . . . within thirty (30) days" if he so chose. J.A. 1234. It also "DIRECTED" parties "to contact the courtroom deputy within seven days to schedule a status conference." J.A. 1235. O.W. did not file a renewed motion. Instead, he appealed three days after the district court's order.

Apart from a few exceptions not applicable here, our jurisdiction is limited to appeals from "final decisions of the district courts" in our circuit. 28 U.S.C. § 1291. In *Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (en banc), we held that an order dismissing a complaint with leave to amend is not a final judgment appealable under 28 U.S.C. § 1291. And the order remains nonfinal even if the plaintiff chooses not to amend her complaint. *Id*. at 796. She may only "stand on her complaint" and get appellate review "by requesting that the district court take further action to finalize its decision." *Id*. at 797. The same is

3

true if the district court "provided the plaintiff with a specified number of days during which she could seek to amend." *Id*. at 797–98. In that situation, the order dismissing the complaint is only final if (1) the time period expires and the district court enters an order finalizing its prior order, or (2) if the plaintiff moves the district court to enter such an order prior to the expiration of the time period. *Id*. at 798.

The district court's order O.W. appeals from isn't final under *Britt*. The district court's "order" and "direction" to O.W. to file a renewed motion is nothing "less than an express invitation" to amend. *Britt*, 45 F.4th at 795. And the district court "provided the plaintiff with a specified number of days during which []he could seek to amend." *Id.* at 797. Considering its invitation to file a renewed motion—not to mention its direction for the parties schedule a status conference—the district court "[wa]s not finished with the case." *Id*. Rather than having "nothing . . . to do but execute the judgment," *id*. at 792 (*quoting Catlin v. United States*, 324 U.S. 229, 233 (1945)), the district court "left the suit pending for further proceeding," *Jung v. K.&D. Min. Co.*, 356 U.S. 335, 337 (1958).

So O.W. appealed too soon. *Britt* instructs that, to appeal, he had to have "the district court itself [] confirm that its decision is final," either by waiting for the district court to issue a final order after the 30 days expired, or by moving for a finalized decision prior to the expiration of the 30-day period. *Britt*, 45 F.4th at 797–98. Instead, however,

4

O.W. appealed three days after the district court's non-final order. As a result, we lack jurisdiction under 28 U.S.C. § 1291. O.W.'s appeal is therefore

*DISMISSED WITHOUT PREJUDICE.*

FOR THE COURT

/s/Nwamaka Anowi
Clerk

5