In The

# United States Court Of Appeals
## For The Fourth Circuit

**O.W., a minor, by his next friend and
parent Santrayia Bass,**

*Plaintiff – Appellant,*

**v.**

**MARIE L. CARR, police officer in her individual and official capcities;
REID BAKER, assistant principal in his individual and official capacities;
SCHOOL BOARD OF THE CITY OF VIRGINIA BEACH, VIRGINIA, a body corporate;
CITY OF VIRGINIA BEACH, a body politic and corporate; AARON C. SPENCE, Superintendent in
his individual and official capacities; DAN EDWARDS, school board members in their individual and
official capacities; CAROLYN T. RYE, school board members in their individual and
official capacities; KIMBERLY A. MELNYK, school board members in their individual and
official capacities; BEVERLY M. ANDERSON, school board members in their individual and
official capacities; SHARON R. FELTON, school board members in their individual and
official capacities; DOTTIE HOLTZ; LAURA K. HUGHES, school board members in their individual
and official capacities; VICTORIA MANNING, school board members in their individual and
official capacities; TRENACE B. RIGGS, school board members in their individual and
official capacities; JOEL MCDONALD, school board members in their individual and
official capacities; PATTI T. JENKINS, Principal in her individual and official capacities;
CAROLYN D. WEEMS, school board members in their individual and official capacities,**

*Defendants – Appellees,*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT NORFOLK**

———————

# PETITION FOR REHEARING AND
# REHEARING *EN BANC*

———————

**Makiba Gaines, Esq.**
**Virginia State Bar No. 93983**
**POLARIS LAW FIRM, P.L.L.C.**
**2832 South Lynnhaven Road,**
**Suite 201**
**Virginia Beach, Virginia 23452**
**Phone: (757) 904-0370**
**Facsimile: (757) 866-5744**
**mg@legalhep757.com**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. ii

RULE 35 STATEMENT ...................................................................................... 1

BACKGROUND .................................................................................................. 2

ARGUMENT ....................................................................................................... 4

    A.      The Decision Conflicts with at least one Decision of the Supreme Court Regarding the Separate Document Rule ..................... 4

    B.      The Decision Conflicts with Supreme Court and this Court's Precedent regarding the Finality of a Full Grant of Summary Judgment ............................................................................................... 6

    C.      The Court Overlooked the Material Fact that the District Court did not Grant O.W. Leave to Amend his Complaint ............................. 9

    D.      The Order Granting Summary Judgment was Final because any additional Order would have Ministerially Executed the Summary Judgment Order ................................................................... 11

    E.      The Court's Decision Disregards the Res Judicata Effect of a Full Grant of Summary Judgment ....................................................... 14

CONCLUSION .................................................................................................. 15

CERTIFICATE OF COMPLIANCE .................................................................. 16

CERTIFICATE OF SERVICE ........................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adbul-Mumit v. Alexandria Hyundai, LLC*,
896 F.3d 278 (4th Cir. 2018) ........................................................................10

*Adkins v. Allstate Ins. Co.*,
729 F.2d 974 (4th Cir. 1984) ........................................................................14

*AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*,
552 F.3d 1233 (10th Cir. 2009) ....................................................................13

*Al-Torki v. Kaempen*,
78 F.3d 1381 (9th Cir. 1996) ........................................................................13

*Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*,
479 U.S. 966, 107 S. Ct. 468 (1986) ..............................................................6

*Bankers Tr. Co. v. Mallis*,
435 U.S. 381, 98 S. Ct. 1117 (1978) ..............................................................5

*Britt v. Dejoy*,
45 F. 4th 790 (4th Cir. 2022) .............................................................4, 7, 9, 10

*Brown v. GNC Corp.*,
789 F.3d 505 (4th Cir. 2015) ..........................................................................7

*Budinich v. Becton Dickinson & Co.*,
486 U.S. 196, 108 S. Ct. 1717 (1988) ..........................................................11

*Bullard v. Blue Hills Bank*,
575 U.S. 496, 135 S. Ct. 1686 (2015) ............................................................6

*Calvary Christian Ctr. v. City of Fredericksburg*,
3:11-cv-342-JAG (E.D. Va. 2011) ..................................................................8

*Calvary Christian Ctr. v. City of Fredericksburg*,
710 F.3d 536 (4th Cir. 2013) ................................................................8, 9, 11

*Campbell v. Polk*,
447 F.3d 270 (4th Cir. 2006) ........................................................12

*Catlin v. United States*,
324 U.S. 229, 65 S. Ct. 631 (1945) ...............................................12

*Clodfelter v. Republic of Sudan*,
720 F.3d 199 (4th Cir. 2013) ........................................................15

*Exchange National Bank v. Daniels*,
763 F.2d 286 (7th Cir. 1985) ..........................................................8

*Federated Dep't Stores v. Moitie*,
452 U.S. 394, 101 S. Ct. 2424 (1981) ...........................................14

*FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*,
498 U.S. 269, 111 S. Ct. 648 (1991) ....................................2, 5, 6

*Gillespie v. United States Steel Corp.*,
379 U.S. 148 (1964)........................................................................12

*Gore v. Pee Dee Farm Credit Serv.*,
No. 92-2445, 1993 U.S. App. LEXIS 20849
(4th Cir. Aug. 17, 1993) ...................................................................7

*Hamilton v. Daley*,
777 F.2d 1207 (7th Cir. 1985) .........................................................8

*Harris v. Poor*,
No. 1:07cv247, 2008 U.S. Dist. LEXIS 104409
(W.D.N.C. Aug. 21, 2008) .............................................................13

*Hattersley v. Bollt*,
512 F.2d 209 (3d Cir. 1975) ..........................................................12

*Heike v. Cent. Mich. Univ. Bd. of Trs.*,
573 F. App'x 476 (6th Cir. 2014)...................................................14

*Hughes v. Halifax Cty. Sch. Bd.*,
823 F.2d 832 (4th Cir. 1987) ...........................................................6

*In re Hunter*,
    76 B.R. 117 (Bankr. S.D. Ohio 1987) ..........................................................12

*Inge v. Slayton*,
    541 F.2d 277 (4th Cir. 1976) ........................................................................12

*John's Insulation, Inc. v. Addison & Assocs.*,
    156 F.3d 101 (1st Cir. 1998)..........................................................................14

*Laber v. Harvey*,
    438 F.3d 404 (4th Cir. 2006) ........................................................................11

*New Jersey v. T.L.O.*,
    469 U.S. 325, 105 S. Ct. 733 (1985) ..............................................................1

*Podberesky v. Kirwan*,
    38 F.3d 147 (4th Cir. 1994) ............................................................................7

*Rand v. Rowland*,
    154 F.3d 952 (9th Cir. 1998) ........................................................................14

*Sepehry-Fard v. U.S. Tr.*,
    No. 17-cv-06577-BLF, 2018 U.S. Dist. LEXIS 145689
    (N.D. Cal. Aug. 27, 2018) ............................................................................13

*Shoup v. Bell & Howell Co.*,
    872 F.2d 1178 (4th Cir. 1989) ........................................................................7

*United States v. Hindenlang (In re Hindenlang)*,
    164 F.3d 1029 (6th Cir. 1999) ........................................................................7

*In re Valley Business Center*,
    204 F. App'x 608 (9th Cir. 2006) ................................................................13

*Washington v. Cartledge*,
    No. 4:16-cv-00017-PMD-TER, 2016 U.S. Dist. LEXIS 49577 ....................7

*In re Westinghouse Sec. Litig.*,
    90 F.3d 696 (3d Cir. 1996) ..........................................................................13

**Statutes**

28 U.S.C. § 1291 ............................................................*passim*

**Treatises**

*Black's Law Dictionary* 1017 (8th ed. 2004)..........................................12

**Rules**

Fed. R. App. P. 4(a)(1).................................................................4

Fed. R. App. P. 4(a)(2).................................................................5

Fed. R. App. P. 4(a)(6).................................................................3

Fed. R. App. P. 4(a)(7)(A)(ii).........................................................4

Fed. R. App. P. 35.....................................................................1

Fed. R. Civ. P. 15....................................................................15

Fed. R. Civ. P. 15(b).................................................................10

Fed. R. Civ. P. 41(b)..................................................................8

Fed. R. Civ. P. 54.....................................................................4

Fed. R. Civ. P. 54(a)..................................................................4

Fed. R. Civ. P. 54(b)..................................................................5

Fed. R. Civ. P. 56.....................................................................4

Fed. R. Civ. P. 58...............................................................3, 5, 10

Fed. R. Civ. P. 58(c)(2)...............................................................6

Fed. R. Civ. P. 59(e).................................................................11

Fed. R. Civ. P. 60(b).................................................................11

Fed. R. Civ. P. 79(a)...............................................................3, 5

**RULE 35 STATEMENT**

Rehearing or rehearing *en banc* is warranted because this case involves questions of exceptional importance. The school-to-prison-pipeline plagues our nation's school systems and disproportionately impacts students of color, low-income students, and students with disabilities. This case raises important constitutional questions concerning the relationships between police departments and school authorities. Specifically, O.W. asks this Court to decide an issue of first impression – whether the special needs doctrine, which was carved out by the Supreme Court in *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S. Ct. 733 (1985), as an exception to the Fourth Amendment's warrant and probable cause requirements for school authorities acting in their disciplinary capacities, also applies to school authorities gathering criminal evidence in partnership with police? In this context, the Court is also asked to decide whether a student's confession is involuntarily made when it is compelled by school authorities acting as agents of law enforcement. The Appellees' practices of gathering criminal evidence from students in the school setting where they are vulnerable and unable to access their parents, friends, or attorneys for advice is unlawful and *must* – at some point – be confronted by our nation's appellate courts.

This Court's dismissal of O.W.'s appeal as premature conflicts with at least one Supreme Court decision holding that a decision purporting to dispose of all a

litigant's claims is final and appealable upon entry of the judgment, a myriad of Fourth Circuit cases concerning the finality of summary judgments, and various rules of both appellate and civil procedure. In undersigned counsel's opinion, the Court overlooked material factual matter in deciding that the district court granted O.W. leave to amend his complaint.

The district court awarded the Appellees full summary judgment, and the judgment was final as to all the parties and to the whole subject matter of litigation. Moving forward in this appeal would not be unfair to the Appellees and nor would it catch them by surprise.[1] The Court has jurisdiction to decide the merits of O.W.'s appeal.

## BACKGROUND

On March 5, 2019, the school's assistant principal – in partnership with the police department – detained then-thirteen-year-old O.W., questioned him about his suspected criminal conduct, coerced his oral and written confessions, and searched the digital contents of his cellular phone for criminal evidentiary purposes. The school resource officer arrested O.W. on school grounds and transported him to a detention center on charges of possession and distribution of child pornography.

---

[1] *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 273, 111 S. Ct. 648, 651 (1991) (explaining that, "unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal.").

On March 5, 2021, O.W. filed the instant lawsuit against the Virginia Beach Police Department (the City of Virginia Beach), the School Board of the City of Virginia Beach, and other governmental parties, challenging the parties' unlawful practices and customs.

On February 14, 2023, the district court filed its memorandum opinion granting summary judgment to all defendants on all counts and denying O.W.'s cross motion for summary judgment with prejudice.[2] In the memorandum opinion, the district court denied O.W.'s motion for leave to file a third amended complaint without prejudice but "order[ed] O.W.—if he desire[d] to continue the prosecution of his case in this forum—***to seek leave*** to file a Third Amended Complaint within thirty (30) days" from the date of the court's judgment. JA1231 (emphasis added). The Court further directed all parties "to contact the undersigned's Courtroom Deputy within seven (7) days . . . to schedule a status conference," JA1233. On the same day, in compliance with Fed. R. Civ. P. 58 and 79(a), the district court entered a separate order accompanying its memorandum opinion. *See* Fed. R. App. P. 4(a)(6).

O.W. did not file a motion for leave to amend; rather, he appealed the February 14, 2023 Order on February 17, 2023. Off the record, the district court cancelled its

---

[2] O.W. assigned error to the district court's denial of his motion for summary judgment "with prejudice" to the extent that the prejudice ruling purports to decide the merits of the claims.

request for a status conference. On January 3, 2024, this Court, by per curiam opinion, dismissed O.W.'s appeal without prejudice for want of appellate jurisdiction under 28 U.S.C. § 1291. In dismissing the appeal, this Court interpreted the district court's order for O.W. to file a renewed motion for leave to amend if he chose to continue prosecution of his case as an "express invitation to amend." Reasoning that the district court "left the suit pending for further proceeding," this Court concluded that O.W. should have "wait[ed] for the district court to issue a final order after the 30 days expired" or "mov[ed] for a finalized decision prior to the expiration of the 30-day period" under *Britt v. Dejoy*, 45 F. 4th 790 (4th Cir. 2022).

## ARGUMENT

### A. The Decision Conflicts with at least one Decision of the Supreme Court Regarding the Separate Document Rule.

An appeal must be commenced "from a district court to the court of appeals . . . within thirty days after the date of entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). A judgment is entered when "it is set out in a separate document" or "150 days have run from the entry in the civil docket . . . ." Fed. R. App. P. 4(a)(7)(A)(ii).

Rule 54(a) defines "judgment" as including a decree and "any order from which an appeal lies." Fed. R. Civ. P. 54; *see also* Notes of Advisory Committee on Fed. R. Civ. P. 56 for summary "judgment." "Judgment" does not include an order

4

dismissing fewer than all the parties or claims unless the district court directs the entry of a final judgment under Rule 54(b). *Id*. A decision, however, ends an action upon "the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b).

"[T]he separate-document rule must be 'mechanically applied' in determining whether an appeal is timely. Technical application of the separate-judgment requirement is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385-86, 98 S. Ct. 1117, 1120-21 (1978) (internal citations omitted).

In *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 111 S. Ct. 648 (1991), the United States Supreme Court explained that a "decision purporting to dispose of all of" a litigant's claims was "a 'decision' for purposes of Rule 4(a)(2)," and in accordance with the separate judgment rule, "[h]ad the judge set forth the judgment immediately following the bench ruling, and had the clerk entered the judgment on the docket, *see* Fed. Rules Civ. Proc. 58 and 79(a), there is no question that the bench ruling would have been 'final' under § 1291." *Id*. at 277, 111 S. Ct. at 653 (emphasis added).

In the case now before this Court, O.W. filed his appeal after the district court announced its decision disposing of all O.W.'s claims and after the district

court reduced that opinion to a separate document and entered the summary judgment on the docket. *See, Hughes v. Halifax Cty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987) (stating that "an order unaccompanied by a long explanation is likely to be considered a 'judgment.'"). Therefore, "there is no question" that the "ruling [was] 'final' under § 1291," *id.*

Even if the district court had not entered the final judgment, the judgment was deemed entered 150 days from the entry of the "decision" granting summary judgment on the docket, and a premature notice of appeal relates forward under *FirsTier*, 498 U.S. at 275, 111 S. Ct. at 652; Fed. R. Civ. P. 58(c)(2).

Indeed, dismissing this appeal would cause "[w]heels [to] spin for no practical purpose." *Amoco Oil Co. v. Jim Heilig Oil & Gas, Inc.*, 479 U.S. 966, 969, 107 S. Ct. 468, 470 (1986) (noting that, "[i]f the court were to lose jurisdiction for this reason, then '[upon] dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken . . . .'").

**B.    The Decision Conflicts with Supreme Court and this Court's Precedent regarding the Finality of a Full Grant of Summary Judgment.**

In dismissing his appeal for want of jurisdiction, this Court departed from the well-settled rule that a grant of full summary judgment is an immediately appealable order, as it operates as a dismissal with prejudice. *Bullard v. Blue Hills*

*Bank*, 575 U.S. 496, 506, 135 S. Ct. 1686, 1694 (2015) ("An order granting a

motion for summary judgment is final."); *Shoup v. Bell & Howell Co*., 872 F.2d

1178, 1181 (4th Cir. 1989) ("A summary judgment dismissal *is* a final adjudication

on the merits under Fourth Circuit cases") (italics in original); *Podberesky v.*

*Kirwan*, 38 F.3d 147, 157 (4th Cir. 1994) ("The district court's orders on the

summary judgment motions disposed of all claims between the parties, and the

orders are therefore within our appellate jurisdiction under 28 U.S.C. § 1291.");

*see, e.g., Washington v. Cartledge*, No. 4:16-cv-00017-PMD-TER, 2016 U.S. Dist.

LEXIS 49577 (stating, "A summary judgment dismissal on the merits is with

prejudice."); *Gore v. Pee Dee Farm Credit Serv*., No. 92-2445, 1993 U.S. App.

LEXIS 20849, at *2 n.* (4th Cir. Aug. 17, 1993) (unpublished) (stating, "As a

grant of summary judgment is a final disposition appealable pursuant to 28 U.S.C.

§ 1291, we now have the issues properly before us for review."); *accord United*

*States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1031 (6th Cir. 1999)

("Bankruptcy court orders granting summary judgment are final appealable orders

and are reviewable by the district court.").

This Court undoubtedly has appellate jurisdiction over a case that has been

dismissed by the district court with prejudice. *Britt*, 45 F.4th at 795 n.6 (quoting

*Brown v. GNC Corp.*, 789 F.3d 505, 511 n.3 (4th Cir. 2015) (stating, "we treat this

case as if it had been dismissed with prejudice and therefore have jurisdiction over

this appeal."); *see also* Fed. R. Civ. P. 41(b) (noting that a dismissal with prejudice constitutes an adjudication on the merits).

For this reason, in *Hamilton v. Daley*, 777 F.2d 1207, 1210 (7th Cir. 1985), the Seventh Circuit held that it lacked jurisdiction over an appeal where the plaintiff filed his notice of appeal more than thirty days after the defendants' summary judgment award. *Id.*; *see also Exchange National Bank v. Daniels*, 763 F.2d 286, 292-95 (7th Cir. 1985) (stating, "As this was more than thirty days after the grant of summary judgment, it was ineffective to bring up the entire case for review."). This Court held the same in *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 538 (4th Cir. 2013); *see also Calvary Christian Ctr. v. City of Fredericksburg*, 3:11-cv-342-JAG, ECF Nos. 36, 37 (Opinion and Order), where it dismissed an appeal as untimely after the appellee filed a renewed motion for leave to amend thirty days after the district court entered a memorandum opinion and order dismissing his action instead of a timely notice of appeal. *Id*. There, this Court held that it only had jurisdiction over the decision denying his motion for leave to amend and the subsequent motion for rehearing. *Id*.

This Court has jurisdiction over O.W.'s appeal because, in its summary judgment order, the district court resolved all O.W.'s claims against all parties, therefore adjudicating his claims on the merits. For these reasons, O.W.

appropriately filed his notice of appeal within thirty days of the district court's denial of all relief, against all parties. *Calvary*, 710 F.3d at 538.

### C. The Court Overlooked the Material Fact that the District Court did not Grant O.W. Leave to Amend his Complaint.

In *Britt*, this Court abandoned its case-by-case methodology for deciding the finality of dismissals *without prejudice*[3] and adopted a bright line approach to decide when such cases would be finalized for the purpose of appellate jurisdiction. Thus, under *Britt*, when the "district court dismisses a complaint or all claims without providing *leave* to amend, [this Court] need not evaluate the grounds for dismissal or do anything more—the order dismissing the complaint is final and appealable." *Id*. at 796 (emphasis added). Because the district court denied all relief and did not grant O.W. leave to amend, "the order dismissing the complaint is final and appealable."

In expressing the opinion that the district court granted O.W. leave to amend his complaint, this Court reasoned that, in *Britt*,

> we held that an order dismissing a complaint **with leave to amend** is not a final judgment appealable under 28 U.S.C. § 1291. And the order remains nonfinal even if the plaintiff chooses not to amend her complaint. She may only "stand on her complaint" and get appellate review "by requesting that the district court take further action to

---

[3] *Britt*, 45 F.4th at 794 (stating, "we no longer speculate about what the district court meant when stating 'without prejudice' or what the parties may do in the future."); *id*. at 794 ("But what happens when a district court dismisses a complaint or all claims within a complaint *without prejudice* yet remains silent as to the possibility of amendment?" (emphasis added)).

finalize its decision." **The same is true if the district court "provided the plaintiff with a specified number of days during which she could seek to amend."[4]** In that situation, the order dismissing the complaint is only final if (1) the time period expires and the district court enters an order finalizing its prior order, or (2) if the plaintiff moves the district court to enter such an order prior to the expiration of the time period.

Order, at 3-4 (internal citations omitted) (emphasis added).

In so doing, the Court overlooks the subtle but critical distinction between a grant[5] of leave to amend, which expresses the court's intent to continue litigation on the merits, and a litigant's option of filing a renewed motion for leave to amend, which a district court may entertain after a final adjudication on the merits. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) ("Plaintiffs whose actions are dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with

---

[4]    In *Britt*, this Court did not assess the facts before the Court today – *i.e*, a motion for leave to amend. This Court limited its analysis to the context of a granted motion:

> In **granting** a plaintiff leave to amend her complaint, the district court may have: (1) **provided the plaintiff with a specified number of days during which she could seek to amend**; or (2) stated that the plaintiff could seek to amend but remained silent as to a deadline by which she was required to do so.

*Britt*, 45 F.4th at 797.

[5]    *Id*. at 796 ("Thus, when the district court believes a deficiency in a complaint can be cured, it should say so and **grant leave to amend**. When a district court does not intend to grant leave to amend, it should issue a separate document to accompany an order of dismissal intended to be a final judgment, in compliance with Rule 58.").

prejudice."); *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("There is one difference between a pre-and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)") (also noting that such a final judgment may occur by "judgment of dismissal, a summary judgment, or a judgment after a trial on the merits"). Thus, unlike a grant of leave to amend, the mere filing of a motion for leave to amend does not continue litigation on the merits and nor does it toll the appellate notice deadline. *See Calvary*, 710 F.3d at 538 (dismissing an appeal as untimely). Because summary judgment is an adjudication on the merits, under *Calvary*, O.W. would have forfeited his right to appeal had he waited thirty days for the district court to enter a ministerial order closing the case. And if he had not filed his appeal within thirty days of the decision, O.W. would undoubtedly be in the perilous position of arguing the tardiness of his appeal.

### D. The Order Granting Summary Judgment was Final because any additional Order would have Ministerially Executed the Summary Judgment Order.

"A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S. Ct. 1717, 1720 (1988). "'Ministerial' is defined broadly as 'of or relating to an act that involves obedience to instructions or laws instead of

discretion, judgment, or skill.'" *Campbell v. Polk*, 447 F.3d 270, 292 (4th Cir. 2006) (citing *Black's Law Dictionary* 1017 (8th ed. 2004)).

A grant of full summary judgment is an adjudication on the merits. Litigation had therefore concluded on the merits of the action. *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *see also*, *Hattersley v. Bollt*, 512 F.2d 209, 213 (3d Cir. 1975) ("Where the practical effect of a judgment or order is final and only requires a ministerial act to implement it, such judgment or order is appealable under 28 U.S.C. § 1291."). And a final decision "within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case." *Inge v. Slayton*, 541 F.2d 277 (4th Cir. 1976) (internal quotation marks omitted) (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964)).

Assuming the district court intended to enter an order confirming that the action had been dismissed with prejudice and directing the Clerk of Court to close the case, to terminate the case from the Court's docket, such an order would have been nothing more than a ministerial execution of the order granting summary judgment and would not have affected the substantive rights of any of the parties. *In re Hunter*, 76 B.R. 117, 118 (Bankr. S.D. Ohio 1987) ("the clerk's office did not complete the ministerial act of entering an order closing the case"); *Farmers &*

*Merchs. Bank of Long Beach v. Valley Bus. Ctr.* (*In re Valley Bus. Ctr.*), 204 F. App'x 608, 609 (9th Cir. 2006) ("the bankruptcy court's reopening order because such order was ministerial in nature and did not affect Bank's substantive rights"); *Sepehry-Fard v. U.S. Tr.*, No. 17-cv-06577-BLF, 2018 U.S. Dist. LEXIS 145689, at *10 (N.D. Cal. Aug. 27, 2018) ("an order closing the case is a ministerial act."); *Harris v. Poor* (In re Poor), No. 1:07cv247, 2008 U.S. Dist. LEXIS 104409, at *7 (W.D.N.C. Aug. 21, 2008) ("The order re-opening the case is a ministerial order that will allow the issue of dischargeability to be litigated.").

Indeed, the only possible alternative to a ministerial order executing the summary judgment award is an order of dismissal for failure to prosecute, *see* JA1231, JA1234 (ordering O.W. to file a renewed motion for leave to amend "if he desire[d] to continue the prosecution of his case"), and at least one appellate circuit has held that an interlocutory order does not merge with a final order dismissing a case for failure to prosecute. *See*, *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("If the dismissal is for failure to prosecute, 'whether the failure to prosecute is purposeful or is a result of negligence or mistake,' then interlocutory orders cannot be appealed."); *AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs.*, Inc., 552 F.3d 1233, 1237 (10th Cir. 2009) (declining to review interlocutory order where plaintiff's failure to proceed with the judicial process resulted in dismissal

for failure to prosecute); *John's Insulation, Inc. v. Addison & Assocs.*, 156 F.3d

101, 106-07 (1st Cir. 1998) (observing that a proper sanction of dismissal

for failure to prosecute moots preceding interlocutory orders).

### E. The Court's Decision Disregards the Res Judicata Effect of a Full Grant of Summary Judgment.

This Court did not consider the rule that "'[a]n order may be appealable as a

"final order" even though it does not terminate the case' such as in the case 'where

a party is thereby precluded from further action in the proceedings or from

pursuing a further cause of action.'" *Id*.

This Court and other appellate circuits have long held that a full award of

summary judgment is preclusive of further litigation against the same parties and

their privies. *E.g.*, *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n.3 (4th Cir. 1984)

(explaining that, "For purposes of *res judicata*, a summary judgment has always

been considered a final disposition on the merits."); *accord*, *Heike v. Cent. Mich.

Univ. Bd. of Trs.*, 573 F. App'x 476, 480 (6th Cir. 2014) ("[T]he grant of summary

judgment most certainly constitutes a final adjudication on the merits for purposes

of claim preclusion."); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)

(recognizing that "a grant of summary judgment [a]s a final adjudication on the

merits); *see also*, *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S. Ct.

2424, 2428 (1981) ("A final judgment on the merits of an action precludes the

parties or their privies from relitigating issues that were or could have been raised

in that action."); *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) ("Under this transactional approach, res judicata will bar a 'newly articulated claim[]' if it is based on the same underlying transaction and could have been brought in the earlier action").

Thus, absent an order of vacatur and reinstitution of suit, O.W. could not in good faith prosecute new claims against the parties or their privies.[6] The order granting summary judgment was therefore final and appealable because it was preclusive against further litigation.

## CONCLUSION

The Court should grant rehearing or rehearing en banc.

Respectfully submitted,

BY: /s/Makiba A. Gaines

Makiba A. Gaines
POLARIS LAW FIRM, PLLC
P.O. Box 65144
Virginia Beach, Virginia 23467
Phone: (757) 904-0370
Email: mg@legalhelp757.com
Fax: (757)866-5744

*Counsel for Appellant O.W.*

---

[6] O.W. assigned error to the district court's denial of leave to amend, which was filed before the motions for summary judgment, and to the district court's limitation on the extent to which leave could be sought under Fed. R. Civ. P. 15.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I hereby certify that this petition complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 35(b)(2). This brief contains <u>3,782 words</u>, excluding the parts of the document exempted by Rule 32(f), and was prepared in fourteen-point Times New Roman font, a proportionally spaced typeface, using Microsoft Word.

## CERTIFICATE OF SERVICE

I, Makiba A. Gaines, certify that today, January 17, 2024, I have caused a true and correct copy of the foregoing response to Petition for Rehearing and/or Rehearing en banc to be filed with the Clerk of the Court of the United States Court of Appeals for the Fourth Circuit via the appellate CM/ECF, which will send a notice of this filing to all participants in this case, including counsel for appellees.

BY: <u>/s/Makiba A. Gaines</u>

Makiba A. Gaines
POLARIS LAW FIRM, PLLC
P.O. Box 65144
Virginia Beach, Virginia 23467
Phone: (757) 904-0370
Email: mg@legalhelp757.com
Fax: (757)866-5744

*Counsel for Appellant O.W.*